NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IDOLINA BUSTOS PACHECO and
CARLOS YAHIR MIRANDA BUSTOS,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71317

Agency No. A095-796-600
              A208-181-534

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2021[**]
San Francisco, California

Before:  WALLACE, NGUYEN, and COLLINS, Circuit Judges.

Petitioner Idolina Bustos Pacheco, a native and citizen of Mexico, seeks

review of the decision of the Board of Immigration Appeals (Board) affirming the

Immigration Judge's (IJ) denial of her applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT) based on an adverse credibility determination. Bustos Pacheco claims her son Carlos Yahir Miranda Bustos as a derivative beneficiary. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Factual findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.*, *quoting* 8 U.S.C. § 1252(b)(4)(B). "When the BIA conducts its own review of the evidence and law . . . , our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation and quotation marks omitted). We deny the petition.

Bustos Pacheco testified that she was extorted by unspecified people and that her older son Juan Carlos was kidnapped in 2015. The IJ found numerous inconsistencies within Bustos Pacheco's testimony and between her oral and written statements relating to her use of other names, the timeline of the extortion, the timeline of the kidnapping, the ransom negotiations with the kidnappers, her experience with kidnapping specialists, and the revocation of her business licenses. In affirming the IJ's adverse credibility determination, the Board cited the IJ's

2

finding of "numerous inconsistencies within the testimony of [Bustos Pacheco] and between [Bustos Pacheco's] testimony and the documentary evidence in the record." The Board addressed Bustos Pacheco's explanation for those inconsistencies that she is "forgetful" and held that the answer is "insufficient to excuse the sheer number of inconsistencies" identified by the IJ.

Bustos Pacheco does not contest these inconsistencies. She argues that the IJ failed to consider the totality of the circumstances, citing Carlos Yahir's testimony, which the IJ found credible, and the corroborating evidence. However, the corroborating evidence creates another source of inconsistencies. Several letters written by Bustos Pacheco's family state that her older son Juan Carlos was kidnapped on October 20, 2016, after Bustos Pacheco entered in the United States in November 2015. On cross examination, Bustos Pacheco explained that her family members writing together made a mistake. Bustos Pacheco also argues that her son's testimony corroborated "certain aspects" of her testimony, relating to "the prominence of their restaurant, the threats, and the harm to Juan Carlos." However, Carlos Yahir's testimony was limited, did not substantially address the harm to Juan Carlos, and did not rehabilitate Bustos Pacheco's testimony.

Accordingly, the record does not compel the conclusion that the adverse credibility determination was erroneous. The Board properly concluded that

3

Bustos Pacheco did not carry her burden with respect to any of her requested relief. We need not reach Bustos Pacheco's argument that she was persecuted on account of her family. The petition for review is **DENIED**.